Gregory SAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–001705–MR.

Court of Appeals of Kentucky.

Jan. 6, 2012.

Gregory Saylor, Sandy Hook, KY, pro se.

Jack Conway, Attorney General of Kentucky, William Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; LAMBERT and THOMPSON, Judges.

## OPINION

LAMBERT, Judge:

Gregory Saylor appeals from the Kenton Circuit Court's denial of his motion seeking post-conviction relief. After careful review, we affirm the orders of the Kenton Circuit Court.

Saylor was convicted by a Kenton County jury of manslaughter in the first degree in connection with the stabbing death of Roy Thomas Faulconer. Saylor was sentenced to eighteen years' imprisonment. On direct review both this Court and the Kentucky Supreme Court (on discretionary review) affirmed Saylor's conviction and sentence. *See Saylor v. Commonwealth,* 144 S.W.3d 812 (Ky.2004). The Kentucky Supreme Court summarized the relevant facts underlying Saylor's conviction as follows:

Appellant was forty-three years old when Faulconer was killed; Faulconer was several years older. The two had been friends since childhood and lived only three blocks apart. Appellant arrived at Faulconer's residence for a visit at approximately 2:00 a.m. on August 26, 1999. As usual, Appellant was wearing his buck knife in a sheath on his belt. Another acquaintance, Ronnie Gregory, whom Appellant described several times as an "enforcer" for a motorcycle gang known as the "Iron Horsemen," was also present. According to Appellant, Gregory approached him and, without warning, hit him in the side of the head with a pipe wrench and demanded that he apologize for having referred to Faulconer as a "snitch." (Gregory testified that he only struck Appellant with his fist.) Faulconer then picked up his .357 magnum Smith & Wesson handgun and pointed it at Appellant. Gregory took the gun from Faulconer and threatened to shoot Appellant. No further violence ensued and Gregory departed the residence at about 3:00 a.m.

Appellant testified that immediately after Gregory's departure, Faulconer charged at him, again brandishing the handgun. Appellant was able to knock the gun away. As Faulconer retrieved the gun, Appellant drew his knife. As the two wrestled on the sofa, Appellant cut Faulconer's throat and stabbed him in the arms. Finally, he placed the knife against Faulconer's chest, put his weight on it, and "pushed it in." Appellant claimed he then retrieved both the knife and the handgun, cut the telephone wire, and left the residence before 6:00

a.m. In contradiction of Appellant's version of events, Ronnie Gregory's sister, Phyllis Hall, testified that when she arrived at Faulconer's residence at approximately 8:00 a.m., Faulconer was asleep and his telephone was ringing. She then awakened Faulconer, who told her that Gregory had been there the night before but had left to go home. If Hall's testimony were believed, Appellant did not kill Faulconer during a fight shortly after 3:00 a.m., but returned to Faulconer's residence and killed him sometime after 8:00 a.m.

*Id.* at 814–815.

After Saylor's conviction and sentence were affirmed on direct review, he filed a *pro se* motion to vacate judgment pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, which was summarily denied by the Kenton Circuit Court on November 29, 2006. This Court affirmed the denial of Saylor's RCr 11.42 motion by an unpublished opinion rendered on November 30, 2007. However, on December 10, 2008, the Kentucky Supreme Court reversed this Court's opinion and vacated the Kenton Circuit Court's order denying Saylor's RCr 11.42 motion. The Supreme Court ordered that the trial court reconsider Saylor's motion under the principles enunciated in *Fraser v. Commonwealth,* 59 S.W.3d 448 (Ky.2001).

Pursuant to that opinion and order, the trial court appointed the Department of Public Advocacy to represent Saylor. On July 20, 2010, the trial court entered an order resolving many of Saylor's post-conviction claims on the face of the record without an evidentiary hearing. However, the court did order an evidentiary hearing for ten remaining claims. That hearing was held on August 31, 2010, at which Saylor only presented evidence on two of his post-conviction claims: 1) defense counsel's failure to call several defense witnesses, and 2) the prejudice that may have resulted from not being permitted to introduce character evidence about the victim.

After the hearing, the trial court entered an order on September 7, 2010, denying all of Saylor's remaining post conviction claims. That order explained that based on the testimony presented at the evidentiary hearing, Saylor had failed to meet the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether trial counsel's assistance was ineffective. The trial court found that Saylor had not demonstrated that he was prejudiced by deficient performance by trial counsel and that he had not shown that the outcome of his trial would have been any different had trial counsel performed differently.

Specifically, the trial court found that Saylor's primary claim at the evidentiary hearing was that trial counsel was deficient for failing to call several defense witnesses who would have testified about the victim's reputation for violence in the community, thus bolstering Saylor's claim that he acted in self-defense. However, after hearing from those witnesses, the trial court concluded that the reputation of the victim was not contested at trial, and the jury in fact heard testimony through Detective Bud Vallandingham that he had been to the victim's home on approximately 150–200 occasions. The trial court found that in light of this testimony, additional testimony about the victim's reputation for violence would not have added to Saylor's self-defense theory and would have been cumulative. Saylor noticed the present appeal on September 14, 2010.

We initially note that when reviewing a trial court's findings of fact following an RCr 11.42 evidentiary hearing, an appellate court utilizes the clearly erro-

neous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. *See Adams v. Commonwealth*, 424 S.W.2d 849, 851 (Ky.1968). Findings of fact are not clearly erroneous if supported by substantial evidence. *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky.1964). Even though claims of ineffective assistance of counsel are subject to *de novo* review, a reviewing court should defer to the determination of facts made by the trial judge. *McQueen v. Commonwealth*, 721 S.W.2d 694, 698 (Ky.1986).

With the above standards in mind, we turn to Saylor's arguments on appeal. Saylor first argues that the trial court improperly denied his claim that counsel was ineffective for failing to call several defense witnesses and that prejudice resulted from his not being able to introduce character evidence about the victim. In support of this argument, Saylor points to the testimony of three witnesses who testified at the evidentiary hearing that the victim had a reputation for violence in the community. Saylor argues that had trial counsel introduced this testimony at trial, it would have corroborated his own testimony that the victim was the aggressor in the confrontation. Further, Saylor argues that the witnesses' testimony would have bolstered his own testimony about his reputation for peacefulness in the community.

■■■ We initially note that a trial counsel's choice of whether to call witnesses is generally accorded a presumption of deliberate trial strategy and cannot be subject to second-guessing in a claim of ineffective assistance of counsel. *See Foley v. Commonwealth*, 17 S.W.3d 878, 885 (Ky.2000), *cert. denied*, 531 U.S. 1055, 121 S.Ct. 663, 148 L.Ed.2d 565 (2000) (overruled on other grounds by *Stopher v. Conliffe*, 170 S.W.3d 307 (Ky.2005)). A review of the record in the instant case supports the trial court's conclusions that the jury

was aware of the victim's reputation for violence in the community. That fact was not contested at trial, and it was supported by both Saylor's and Detective Vallandingham's testimony. Further, the trial court correctly noted that the jury did in fact consider the victim's reputation for violence when it rendered its verdict of manslaughter in lieu of murder in the first degree. The trial court's finding that additional character evidence would not have likely changed the jury's verdict is supported by the evidence and thus is not clearly erroneous. Accordingly, we find no error with the trial court's holding in this regard.

■■■ Next, Saylor argues that the trial court erred when it denied his remaining claims without conducting an evidentiary hearing. First, Saylor argues that the trial court erred when it denied his claim that trial counsel was ineffective for failing to pursue an Extreme Emotional Disturbance (EED) defense and that this failure prejudiced him. However, in its July 20, 2010, order denying an evidentiary hearing on some of Saylor's allegations, the trial court specifically found this allegation to be refuted by the record by jury instructions IV and V. Saylor did not include the full record of the trial court in the record on appeal. However, it is well settled that, "when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky.1985) (internal citation omitted). Thus, we must assume that the record supports the trial court's conclusion that an EED instruction was submitted to the jury. Furthermore, the jury was presented with instructions permitting them to find Saylor guilty of murder, to which EED would be a defense, as well as manslaughter. Given their verdict of man-

slaughter, the jury necessarily considered the defense of EED, despite their ultimate decision to convict him of the lesser crime. Accordingly, Saylor's claim that his trial counsel was ineffective for failing to submit an EED defense to the jury is without merit, and the trial court properly denied this claim without an evidentiary hearing.

■ Saylor next argues that his trial counsel was ineffective for failing to seek an intoxication instruction at trial. This claim was one the trial court ruled would be included in the evidentiary hearing, but Saylor did not provide any evidence or testimony supporting this claim at the hearing. Thus, Saylor essentially abandoned this claim before the trial court. The trial court was then forced to rule on the claim based on the record alone and concluded that trial counsel's decision not to seek an intoxication defense was based on reasoned judgment and was effective defense strategy. We agree with the Commonwealth that because no proof was presented to support this claim of ineffectiveness at the evidentiary hearing, Saylor waived this argument on appeal to this Court.

■ Saylor next argues that his trial counsel was ineffective for failing to prepare and present medical and scientific testimony regarding the victim's time of death. More specifically, Saylor speculates that expert testimony would have refuted Phyllis Hall's testimony that she saw the victim alive at 8:00 a.m. on the morning of August 26, 1999. Again, this claim for ineffectiveness was to be included in the evidentiary hearing, but Saylor failed to present proof or testimony supporting the claim, instead only providing evidence on the claim that trial counsel did not call certain defense witnesses who would have supported his theory of the case. The trial court concluded that based upon the record, the medical evidence was consistent with Saylor's version of events, and thus further experts would not have aided the defense. Because Saylor did not provide any evidence regarding this claim at the evidentiary hearing, we have no further testimony to consider, and Saylor effectively waived this argument on appeal. We find no error with the trial court's conclusion that the medical evidence presented at trial was consistent with the defense position as to the time of death.

Saylor next argues that his counsel was ineffective for failing to object to the trial court's decision to withhold ruling on his motion for directed verdict at trial. This claim was not considered in the evidentiary hearing, and instead the trial court denied the claim on the face of the record prior to the hearing. However, on direct appeal, the Supreme Court found that "[Saylor] moved for a directed verdict of acquittal because the crime scene evidence was presented by witnesses other than the coroner, and proof of cause of death came from a witness other than the coroner." *Saylor, supra,* 144 S.W.3d at 816. After a brief discussion of the claim, the Supreme Court found that Saylor did not register a contemporaneous objection to the evidence as it was introduced at trial and found the claim to be "as meritless as it is novel." *Id.*

■ In his brief to this Court, Saylor argues that his trial counsel's failure to object to the trial court's failure to rule on the motion for directed verdict prevented him from getting a ruling on the Commonwealth's "wanton murder" theory. Saylor argues that since his defense was self-protection, it was ineffective assistance of counsel for trial counsel not to pursue a ruling once the issue was raised by a directed verdict motion. It is not clear exactly what Saylor is arguing amounted to ineffective assistance of counsel, and he makes no mention of how the crime scene

evidence was presented at trial. Thus, we are not sure exactly what error Saylor is alleging on appeal and his claim appears to be different than the claim presented to the trial court in his RCr 11.42 motion. It is well established that a defendant is not "permitted to feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky.1976) (citations omitted) (overruled on other grounds by *Wilburn v. Commonwealth,* 312 S.W.3d 321 (Ky.2010)). Thus, Saylor's argument that he received ineffective assistance of counsel when his trial counsel failed to object regarding his motion for directed verdict is without merit.

■ Finally, Saylor alleges that the trial court improperly denied another of his RCr 11.42 claims without conducting an evidentiary hearing. Saylor argues that the record did not refute his allegation that the prosecutor and the lead detective were in the jury room during jury deliberations. Saylor argues that the only evidence of record that any misconduct occurred was his statement in his verified RCr 11.42 motion that he and his attorney were not in the jury room while trial testimony was being reviewed. Thus, according to Saylor, there was no evidence of record to refute his allegation of prosecutorial misconduct regarding jury deliberations. Saylor argues that the judge simply disbelieved a factual allegation in the absence of evidence in the record refuting the allegation. *See Fraser,* 59 S.W.3d at 452.

The Commonwealth argues that Saylor failed to provide any reference to when the alleged "invasion of the jury's deliberations" occurred and failed to provide any

corroboration that such an event actually took place. Thus, absent any corroborating evidence, the Commonwealth argues that an evidentiary hearing on the claim was not warranted, and the trial court properly denied this claim on the face of the record. In *Foley, supra,* 17 S.W.3d at 889, the Kentucky Supreme Court rejected a post-conviction claim of jury misconduct because the alleged misconduct was based merely on suspicion, rumor, and speculation. Because there was no "credible evidence to support such allegations[,]" the Court found Foley's assertion to be "unconvincing and without merit." *Id.*

■ Given the fact that any defendant could allege such misconduct in a jury trial and request an evidentiary hearing accordingly, we are inclined to agree with the Commonwealth that absent some corroborating evidence that misconduct occurred, such an allegation can be refuted by the face of the record and does not warrant an evidentiary hearing. *See Foley, supra.* Thus, we find no error in the trial court's denial of this claim without an evidentiary hearing.

Based on the foregoing, we find no reversible errors by the trial court and therefore affirm the July 20, 2010, and the September 7, 2010, orders of the Kenton Circuit Court.

ALL CONCUR.