# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

DATE 8/24/17 Kim Redmon, DC

2014-SC-000558-DG
&
2015-SC-000321-DG

COMMONWEALTH OF KENTUCKY     APPELLANT/CROSS-APPELLEE

V.     ON REVIEW FROM COURT OF APPEALS
CASE NO. 2012-CA-001240
JEFFERSON CIRCUIT COURT NO. 05-CR-000740

TERRANCE MILES     APPELLEE/CROSS-APPELLANT

**MEMORANDUM OPINION OF THE COURT**

**REVERSING**

Terrance Miles is currently serving a fifty-year sentence following convictions for the murder of Michael Teasley, for first-degree wanton endangerment, for tampering with physical evidence, and for being a second-degree Persistent Felony Offender (PFO). Miles moved the trial court for relief from the judgment under Kentucky Rule of Criminal Procedure (RCr) 11.42. The trial court conducted an evidentiary hearing on Teasley's claims, after which it entered an order denying relief. On appeal, the Court of Appeals reversed the trial court's order.

We granted cross-motions for discretionary review. The Commonwealth asserts the Court of Appeals erred in its conclusion that Miles had received ineffective assistance of trial counsel. Miles on the other hand, while agreeing

with the Court of Appeals' reversal of the trial court's order, argues in his cross-motion for discretionary review that it erred when it failed to find error in the trial court's finding that trial counsel's failure to call an important witness at trial was not unreasonable trial strategy.

For the reasons below, we reverse the decision of the Court of Appeals and reinstate the trial court's order denying Miles's RCr 11.42 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Michael Teasley, a club bouncer, was shot and killed while trying to disperse a crowd after the club had closed for the night. Miles was tried and convicted for killing Teasley, and this Court affirmed the judgment of conviction and sentence on direct appeal. Miles filed a pro se motion under RCr 11.42 to vacate his convictions, claiming that his trial counsel was ineffective. Before us are four of his eleven complaints made in the RCr 11.42 motion: (1) the admission at trial of Miles's nick name "OG" or "Original Gangster"; (2) the failure of trial counsel to object to testimony about a gun—found at Miles's residence—that indisputably had no connection to the crime; (3) the failure of trial counsel to object to hearsay testimony; and (4) the failure of trial counsel to call Heather St. Clair as a defense witness.

The trial court conducted a series of three separate evidentiary hearings, spanning five days, to address Miles's RCr 11.42 allegations. The trial court ultimately denied Miles's motion.

The Court of Appeals undertook review on appeal. That court determined that the trial court erred by denying RCr 11.42 relief to Miles because his trial counsel was ineffective. More specifically, the court found that Miles's counsel was ineffective on three separate instances: (1) the admission of Miles's nick

2

name "OG" or "Original Gangster"; (2) the failure to object to testimony about a gun found at Miles's residence; and (3) the failure to object to hearsay testimony. The court remanded the case to the trial court for further proceedings.

## II. ANALYSIS.

### A. Standard of Review.

A criminal defendant has a constitutional right to effective assistance of counsel. This right is guaranteed under the Sixth and Fourteenth Amendments of the Constitution of the United States and Section Eleven of the Kentucky Constitution.[1] A criminal defendant is entitled to effective assistance of counsel, but he is not entitled to perfect counsel.[2]

This Court reviews an ineffective assistance of counsel claim under *Strickland v. Washington*,[3] which we adopted in *Gall v. Commonwealth*.[4] The *Strickland* standard requires Miles to prove both prongs in a two-part analysis. First, Miles must show trial counsel's performance was deficient. Second, Miles must prove that the deficiency by counsel prejudiced his defense.[5] *Strickland* further elaborated that "[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing

---

[1] U.S. Const. amend. XI; U.S. Const. amend. XIV; Ky. Const. § 11.

[2] *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006) ("A defendant is not guaranteed errorless counsel or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance." (citations omitted)).

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

[4] *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

[5] *Strickland*, 466 U.S. at 687.

3

on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ... [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[6]

Proving both deficient performance and prejudice is a substantial burden, especially in the context that counsel's conduct is presumed reasonable and effective.[7] According to *Strickland*, "deficient performance" requires error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[8] And to prove prejudice, Miles must demonstrate that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable."[9] Stated another way, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[10]

As the Court of Appeals in this case noted, "[A] court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a

---

[6] *Id.* at 697.

[7] *Humphrey v. Commonwealth,* 692 S.W.2d 870, 873 (Ky. 1998).

[8] *Id.*

[9] *Id.*

[10] *Strickland* 466 U.S. at 694.

particular act or omission of counsel was unreasonable in the harsh light of hindsight."[11]

As Justice Hughes wrote in *Commonwealth v. McGorman*, "When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable."[12] Furthermore, "We must analyze counsel's overall performance and the totality of circumstances therein in order to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable."[13]

Lastly, on appellate review of a trial court's decision to deny an RCr 11.42 motion, a reviewing court will only set aside the trial court's factual determinations if they are found to be clearly erroneous or unsupported by substantial evidence.[14] This is similar to Kentucky Rules of Civil Procedure (CR) 52.01, which specifically states that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." After review of the trial court order, and its findings of fact, we cannot say that its findings were unsupported by substantial evidence in the record.

---

[11] *Bell v. Cone*, 535 U.S. 685, 702 (2002); (citing *Strickland* 466 U.S. at 699).

[12] *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citations omitted).

[13] *Id.*

[14] *See Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008); *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996).

### B. Counsel's failure to object to the introduction of Miles's alias does not rise to the level of ineffective assistance of counsel.

Miles asserts that trial counsel was ineffective when he failed to object to the introduction of Miles's nickname, "O.G." or "Original Gangster."

During cross examination of defense witness Vernon Douglas, the Commonwealth asked about Miles's nickname. Before this question, the only nickname discussed was "Cat Daddy," which had been discussed by defense counsel in his opening statement. When asked about Miles's nickname, Douglas responded that Miles had been known in the past as "O.G." or "Original Gangster." The Commonwealth then referred to Miles by his aliases, "Old Gangster" and "Cat Daddy" on three separate occasions in closing argument.

When the Court of Appeals reviewed Miles's ineffective assistance of counsel claim, as it pertained to this issue, it found prosecutorial misconduct. The court then discussed whether the misconduct was flagrant, and if so, whether that created prejudice under *Strickland*.

The parties contest whether trial counsel should have objected to disclosure of the nickname. Trial counsel in his testimony at the RCr 11.42 hearing testified that in hindsight he should have objected to the introduction of the nickname, but he failed to do so because of the speed in which the questions were asked and answered. The Commonwealth asserts that even if trial counsel had objected to the testimony, the nicknames would have been admissible to show Miles's state of mind and motive for the shooting.

6

Following the guidance provided in *Strickland*, we address first the prejudice prong.[15] And once again, guided by *Strickland*, Miles must show that the use of his alias created a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[16]

Miles and the Court of Appeals cite cases that found the use of an alias created so much prejudice that it created an unfair trial. For instance, *United States v. Farmer*, in which the Second Circuit Court of Appeals found the use of the defendant's nickname "Murder" was overly prejudicial.[17] In *Farmer*, the court stated, "In our prior cases, the government's use of a defendant's nickname was 'occasional' [or] 'brief and isolated.' But Farmer's nickname ... was the main rhetorical trope used by the prosecution to address the jury ... [and was used] no fewer than thirty times."[18]

Miles's facts are distinct from those in *Farmer*. Miles's nickname was used a total of three times after it was first mentioned in the testimony of a defense witness. The present case is a far cry from the "rhetorical trope" in *Farmer*.

Furthermore, Miles cites *Brown v. Commonwealth* for the proposition that use of a nickname that suggests criminal activity can be prejudicial.[19] We do not disagree. But, Miles has failed to show that the Commonwealth's use of his nickname "Old Gangster" prejudiced his case in any way. These comments,

---

[15] *Strickland* 466 U.S. at 697.

[16] *Id.* at 694.

[17] *United States v. Farmer*, 583 F.3d 131, 146 (2nd Cir. 2009).

[18] *Id.*

[19] *Brown v. Commonwealth*, 558 S.W.2d 599, 603 (Ky. 1977).

7

in the context of an entire trial, were de minimis. Believing the reference to Miles's nickname somehow would have changed the course of his verdict is speculative.

In finding there was no prejudice, we find counsel was not ineffective in failing to object to the introduction and isolated use of Miles's nickname.

### C. Counsel was not ineffective when he failed to object to testimonial hearsay.

Next, Miles asserts that trial counsel was ineffective when he failed to object to certain testimony from Detective Ashby, arguing that the testimony in question was testimonial hearsay without an exception.

While on the witness stand, Detective Ashby testified that a man named Reggie Burney had identified Miles from a photo pack as being the individual in a fight with Teasley on the night of his murder. Miles argues that failing to have Burney testify at trial abridged his constitutional rights to confront witnesses. Miles further argues failing to object to Ashby's reference to Burney was an error sufficiently egregious to constitute ineffective assistance of counsel.

The Court of Appeals opinion does little in its analysis of this issue. It simply states that if an objection had been made to Detective Ashby's testimony that it would have been sustained. While acknowledging that other eyewitness testimony identified Miles as being the individual who fought with Teasley earlier in the night, the Court of Appeals found that Detective Ashby's testimony was "not harmless when considered in conjunction with previous errors...."

We cannot agree that the testimony by Detective Ashby was of such a nature that Miles was denied effective assistance of counsel. Once again, Miles

8

has failed to show prejudice. Other eyewitnesses' testimony at trial identified Miles as the individual who fought Teasley the night of the murder. One of those eyewitnesses was Officer Hill, who testified that he observed Miles and Teasley in an altercation earlier in the evening and that he believed that the same individual was the one he saw running from the scene of the shooting.

### D. Counsel was not ineffective in failing to object to a picture of a gun being displayed.

Miles argues trial counsel was ineffective when he failed to object to the discussion and photograph of an unrelated gun found at Miles's residence.

The Commonwealth referenced this gun in its opening statement, saying "They also found a gun under the mattress which we later found out was not the same gun used in the murder but he did in fact have a gun." Furthermore, the gun was discussed during the testimony of Detective Ashby, who admitted on the stand that the gun found at Miles's residence was not the gun used to kill Teasley and was not connected to the case. This is not before the Commonwealth published a picture of the gun via a projector during Detective Ashby's testimony. However, defense counsel did object when the Commonwealth sought to have the picture of the gun admitted into evidence. The trial court, agreeing with defense counsel, found that the gun was irrelevant evidence and sustained defense counsel's objection.

The Commonwealth argues that defense counsel did not object to the discussion of the gun by Detective Ashby and projecting a photograph as a deliberate trial strategy. Emphasizing that on cross-examination, defense counsel was able to have Detective Ashby testify that the gun had no connection with the murder of Teasley, thereby strengthening Miles's defense,

9

displaying the lack of substantive evidence. Miles argues that references to the gun and defense counsel's failure to object at its mention were not only done in error but prejudiced Miles to the extent to be ineffective as counsel.

The Court of Appeals correctly noted that weapons unrelated to the crime charged are generally inadmissible.[20] The Court of Appeals also recognized that when defense questioning made clear to the jury that the weapon in question was not the murder weapon, the discussion of it and the publication of the photograph of it was harmless.[21]

We agree with the trial court that the gun is irrelevant, but proving that the introduction of the gun resulted in prejudice is critical to our analysis.[22] While on the stand during cross-examination by defense counsel, Detective Ashby admitted that the gun in question was not connected Teasley's murder. Further, the Court of Appeals stated in its opinion that "the jury was repeatedly informed the gun was unrelated to the murder...." And lastly, the gun itself was not allowed to be submitted into evidence, a fact that further dampens Miles's claim of prejudice.

Finding Miles has failed to prove prejudice, we need not discuss the first prong of *Strickland*.[23] Accordingly, we find that trial counsel was not ineffective in failing to object to the discussion of the gun found at Miles's residence.

---

[20] *Harris v. Commonwealth*, 348 S.W.3d 117, 123-24 (Ky. 2012).

[21] *Id.* at 125.

[22] *Humphrey*, 692 S.W.2d at 873.

[23] *Strickland*, 466 U.S. at 697.

### E. Failure to call Heather St. Clair was not ineffective.

Lastly, Miles contends that the Court of Appeals erred when it found no error in the trial's court's ruling that defense counsel's failure to call Heather St. Clair as a defense witness was not ineffective representation.

St. Clair was a cocktail waitress at the club where Teasley worked, and she was working the night of his murder. She was familiar with Miles and recognized him by sight because he was a regular at the club. St. Clair testified at Miles's bond hearing. Miles asserts that St. Clair's testimony would be directly contradictory to that of several of the Commonwealth's witnesses. More specifically, Miles asserts that St. Clair would testify that he was not wearing the outfit like the one worn by the person identified as the shooter and the person who picked a fight with Teasley.

We must "affirmatively entertain the range of possible 'reasons [Miles's] counsel may have proceeded as [he] did."[24] And as the Court of Appeals noted in its decision, failure to call St. Clair as a witness was not error. A decision whether or not to call a certain witness is presumed to be purposeful trial strategy and will not be second-guessed.[25]

At Miles's RCr 11.42 evidentiary hearing, trial counsel testified that he purposely chose not to call St. Clair to testify. He stated that he initially believed St. Clair's testimony would be helpful to the defense, but after the bond hearing he came to believe that calling her as a witness at trial would be inconsistent with the defense theory presented at trial. Furthermore, trial

---

[24] *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (quoting *Pinholster v. Ayers*, 590 F.3d 651, 692 (9th Cir. 2009).

[25] *Saylor v. Commonwealth*, 357 S.W.3d 567, 571 (Ky. App. 2012).

11

counsel testified that as proof unfolded at trial, he believed St. Clair's testimony to be less valuable than at the bond hearing because of alleged inconsistencies.

While one can speculate on the possible value of St. Clair's testimony at trial, we must resist the temptation to devise trial strategy with the benefit of hindsight. Given our strong deference to a trial attorney's decision to call certain witnesses, and the fact that Miles did not show that failure to call St. Clair was either deficient or prejudicial to his case, we find no error.

### F. Miles is not entitled to a new trial because of Cumulative Error.

Miles is not entitled to RCr 11.42 relief based on a finding of cumulative error. As the Commonwealth notes, and Miles does not refute, we find no cases where cumulative error has formed the basis for RCr 11.42 relief. Cumulative error may be found only when "the individual errors were themselves substantial, bordering, at least, on the prejudicial."[26] As in Parrish v. Commonwealth, we reject Miles's argument of cumulative error.[27] Without establishing legitimate error in any of his arguments singly, it is nonsensical to accept Miles's assertion that their aggregation constitutes a separate ground for relief.

### III. CONCLUSION.

For the foregoing reasons, we reverse the decision of the Court of Appeals and reinstate the trial court's order denying Miles's RCr 11.42 motion for relief from the judgment.

---

[26] *Brown v. Commonwealth*, 313 S.W.3d 577. 631 (Ky. 2010).

[27] *Parrish v. Commonwealth*, 272 S.W.3d 161, 180 (Ky. 2008).

All sitting. Minton, C.J.; Hughes, Keller, VanMeter, Venters and Wright, JJ., concur. Cunningham, J., concurs in result only.

COUNSEL FOR APPELLANT/CROSS-APPELLEE:

Andy Beshear
Attorney General of Kentucky

James Coleman Shackelford
Assistant Attorney General

COUNSEL FOR APPELLEE/CROSS-APPELLANT:

Margaret Anne Ivie
Assistant Public Advocate

13

# Supreme Court of Kentucky

2014-SC-000558-DG
&
2015-SC-000321-DG

COMMONWEALTH OF KENTUCKY        APPELLANT/CROSS-APPELLEE

ON REVIEW FROM COURT OF APPEALS

V.        CASE NO. 2012-CA-001240
JEFFERSON CIRCUIT COURT NO. 05-CR-000740

TERRANCE MILES        APPELLEE/CROSS-APPELLANT

## ORDER DENYING PETITION FOR MODIFICATION
## AND MODIFYING OPINION

The Petition for Modification, filed by the Appellee/Cross-Appellant, of

the Memorandum Opinion of the Court, rendered March 23, 2017, is DENIED;

however, the opinion is modified and replaced with the attached opinion. The

modifications do not affect the holding.

All sitting. All concur.

ENTERED: August 24, 2017.

CHIEF JUSTICE