RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0752-MR

CARY W. PEMBLETON                                   APPELLANT


APPEAL FROM TAYLOR CIRCUIT COURT
v.          HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 15-CR-00117


COMMONWEALTH OF KENTUCKY                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Cary W. Pembleton ("Pembleton") appeals the order of the Taylor Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion alleging ineffective assistance of counsel. Following a careful review of the record and the law, we affirm.

Pembleton was charged with 100 counts of possession or viewing of matter portraying a sexual performance by a minor and one count of distribution of

matter portraying a sexual performance by a minor.[1]  On December 15, 2015, Pembleton pled guilty to all charges pursuant to an agreement with the Commonwealth.  As part of the agreement, Pembleton would have the opportunity to withdraw his pleas of guilty and have any conviction set aside should federal prosecutors decide to bring federal charges against him.

The trial court scheduled a final sentencing hearing for March 15, 2016.  On that date, Pembleton expressed interest in withdrawing his guilty plea. The trial court continued the matter for two weeks to allow Pembleton to consider the decision with his trial counsel.  On March 29, 2016, Pembleton stated that he was satisfied with the advice of his trial counsel and no longer wished to withdraw his guilty plea.  The trial court sentenced Pembleton to 18 years' imprisonment pursuant to the plea agreement.

On March 28, 2019, Pembleton filed a *pro se* motion to set aside his conviction under RCr 11.42, alleging ineffective assistance of counsel.  In his motion, Pembleton argued that his trial counsel, C.B. Bates, did not obtain an expert witness prior to Pembleton's decision to plead guilty and that Bates failed to adequately discuss with him the possible defenses which would have been available at trial.  On February 21, 2020, the trial court held an evidentiary hearing on Pembleton's ineffective assistance of counsel claims.

---

[1] *See* Kentucky Revised Statutes (KRS) 531.335 and 531.340.

At the evidentiary hearing, the trial court heard testimony from cybercrime investigator Michael Littrell of the Kentucky Attorney General's Department of Criminal Investigations.[2]  Investigator Littrell testified that in 2015, he was alerted of a particular Internet Protocol (IP) address from which a BitTorrent file containing 1,065 images, some of which were known to be child pornography, had been downloaded and shared.[3]  Further investigation confirmed that the images connected with the IP address were child pornography. Investigators traced the IP address registration to Windstream Communications, which informed them that the IP address belonged to a subscriber identified as "PC Tech Help, LLC" / "Cary Pembleton" with a "location of service" registered at Pembleton's residential address in Campbellsville, Kentucky.  Investigators executed a search warrant at Pembleton's home and seized several computers and servers from the residence.  The IP address on one of the computers seized from Pembleton's home by law enforcement matched the IP address that investigators had initially traced to Pembleton, and investigators eventually found the child pornography files on that computer.[4]

---

[2] Investigator Littrell's testimony consisted of a video recording of his testimony before the Taylor County Grand Jury on September 1, 2015.

[3] Investigator Littrell testified that the BitTorrent network is a decentralized peer-to-peer file sharing network that is commonly used for the distribution of child pornography.

[4] The record indicates that investigators eventually located thousands more images containing child pornography on other devices seized from Pembleton's residence.

Pembleton testified that he was self-employed and that his home-based business, PC Tech Help, LLC, offered data hosting services, provided information-technology (IT) support, and repaired and serviced computer systems. Pembleton further testified that he believed that a number of his business' clients could have used his router to access his personal computer and IP address.[5] Pembleton and Bates both testified that the two met in the Taylor County Detention Center on multiple occasions following Pembleton's arrest to discuss the Commonwealth's plea offer, the evidence against him, and potential experts that could assist in the case.

Bates testified that Pembleton steadfastly maintained his innocence throughout the case and asserted that he believed another individual hacked into his computer and committed the criminal acts with which he was charged. Bates dedicated a significant portion of his testimony to discussing his concern that Pembleton's computer knowledge and IT training could have been detrimental at trial. As the trial court noted in its order denying Pembleton's RCr 11.42 motion:

> Mr. Bates testified, he was concerned, legitimately in the Court's opinion, that it would be difficult to convince a jury that someone with the computer savvy of [Pembleton] could have allowed another person to hack into his personal computer and view images of child

[5] The files containing child pornography that initially led to the investigation into Pembleton were located on his personal computer, not on any of the 12 computers in his home associated with his business.

> pornography, without the knowledge of [Pembleton].
> Mr. Bates stated in his testimony, again justifiably in the
> Court's opinion, that he did "not want to highlight the
> technical knowledge to the jury of his client."

Bates further testified that he asked an investigator to research potential expert witnesses and stated that he discussed with Pembleton that if he desired to proceed to trial, Bates would seek a continuance of the trial date and request funding to hire a forensic computer expert on Pembleton's behalf.

At the time of the evidentiary hearing, Bates had tried about 25 cases in his career with the Department of Public Advocacy and had handled several child pornography cases. Bates testified that he had never practiced in federal court, but that he did discuss with Pembleton the potential penalties for child pornography charges in federal court. He further testified that following the March 15, 2016, preliminary hearing, he obtained a copy of the applicable federal sentencing guidelines to educate himself and Pembleton on potential federal exposure in child pornography cases. Bates believed that if Pembleton were convicted in federal court, he could serve between 12 and 15 years, without the possibility of parole. Bates testified that he shared this information with Pembleton prior to Pembleton's making his decision not to withdraw his guilty plea. Finally, Bates noted that an additional consideration for Pembleton was that, under the plea agreement, the Commonwealth would not pursue additional charges apart from the 101 counts in the indictment in the present case.

On April 27, 2020, the trial court entered an order denying Pembleton's RCr 11.42 motion. Pembleton now appeals.

We review a trial court's findings of fact following an RCr 11.42 evidentiary hearing under a clearly erroneous standard. *Saylor v. Commonwealth*, 357 S.W.3d 567, 570-71 (Ky. App. 2012). "Even though claims of ineffective assistance of counsel are subject to *de novo* review, a reviewing court should defer to the determination of facts made by the trial judge." *Id*. at 571 (citing *McQueen v. Commonwealth*, 721 S.W.2d 694, 698 (Ky. 1986)).

A defendant who seeks relief from a guilty plea on the ground of ineffective assistance of counsel must show both that counsel's performance was deficient and that he was prejudiced as a result of that performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To demonstrate deficient performance, Pembleton must prove that Bates' representation "fell below an objective standard of reasonableness." *Id*. at 687-88, 104 S. Ct. at 2064. To meet that burden, Pembleton "must overcome the strong presumption counsel's assistance was constitutionally sufficient or 'might be considered sound trial strategy.'" *Koteras v. Commonwealth*, 589 S.W.3d 534, 541 (Ky. App. 2018) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). With respect to prejudice, in the guilty plea context, "the challenger must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (internal quotation marks and citations omitted).

We first turn to the deficiency prong of *Strickland*. Pembleton argues that Bates' failure to hire a forensic computer expert was a deficient performance of his duty as trial counsel. As trial counsel, Bates had "a duty to make reasonable investigations or to make a reasonable decision that [made] particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066.

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Id*. (citation omitted). In the present case, Bates testified that he asked an investigator to research potential expert witnesses to utilize if Pembleton decided to go to trial. Bates stated that in one of his meetings with Pembleton at the Taylor

County Detention Center, he told Pembleton that he would ask the court to continue the trial date and request funding to hire a forensic computer expert to potentially testify on Pembleton's behalf.

Importantly, Bates testified that the notion of proceeding to trial under Pembleton's proposed theory of defense concerned him for a number of reasons, all of which he advised Pembleton. First, Bates expressed concern in the defense's ability to convince a jury that Pembleton, a tech savvy individual with a business centered around computers, could have allowed another person to hack into his personal computer and download and share images of child pornography. To that point, Bates advised Pembleton that several terms of the Commonwealth's plea offer made entering a plea agreement an enticing option. For example, a major consideration was the condition that, in exchange for a plea of guilty, Investigator Littrell agreed not to pursue charges in federal court.[6] Even if federal prosecutors decided to pursue charges, Pembleton was advised that, should that occur, he would be allowed to withdraw his guilty plea and have any conviction in this matter vacated.

Moreover, under the plea agreement, the Commonwealth offered 18 years' imprisonment with the possibility of parole once Pembleton had served 20%

---

[6] Although Investigator Littrell could recommend that the United States Attorney's Office not pursue charges against Pembleton, he could not promise that federal prosecutors would not pursue the case.

of his sentence. Bates informed Pembleton that although he could serve 12 to 15 years under the applicable federal sentencing guidelines, there was no possibility for parole if he was convicted in federal court. Finally, an additional term of the plea agreement was the promise that the Commonwealth would not pursue additional child pornography charges against Pembleton in state court. This was an especially significant condition, given the evidence in the record that law enforcement found thousands more images containing child pornography on other devices seized from Pembleton's home.

We agree with the trial court that Bates' representation of Pembleton was not objectively deficient. The record demonstrates that Bates took reasonable steps to allow Pembleton to make an intelligent decision on whether to plead guilty.

Even assuming, for the sake of argument alone, that Pembleton had satisfied the deficiency prong of the *Strickland* analysis, he fails to satisfy the prejudice prong. To demonstrate prejudice in the context of a guilty plea, Pembleton must show "that a decision to reject the plea bargain would have been rational under the circumstances." *Williams v. Commonwealth*, 336 S.W.3d 42, 48 (Ky. 2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010)). Pembleton has not provided the evidence necessary to meet this burden.

Pembleton argues that a forensic computer expert could have analyzed his computer data to support his potential defense that someone hacked into his computer and accessed the child pornography files without his permission. However, as both the trial court and the Commonwealth have pointed out, Pembleton did not produce any such expert to support this position in his RCr 11.42 motion or at the evidentiary hearing below. Because Pembleton has provided no proof that he knows of a specific expert who would have been willing to testify in a manner helpful to the defense or what such testimony would have consisted of, we agree with the trial court that he has failed to establish how he was prejudiced by Bates' failure to obtain a forensic computer expert. *See Mills v. Commonwealth*, 170 S.W.3d 310, 329-330 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

Finally, the record directly contradicts any contention that Pembleton's guilty plea was involuntary because it was the product of ineffective assistance of counsel. "A criminal defendant may demonstrate that his guilty plea was involuntary by showing that it was the result of ineffective assistance of counsel." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). However, the trial court conducted a thorough plea colloquy before ultimately accepting Pembleton's guilty pleas at the March 29, 2016, final sentencing hearing. During that hearing, Pembleton stated that he was satisfied with the advice of his

trial counsel at that hearing and that he had a sufficient amount of time to make an informed decision to plead guilty. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams*, 336 S.W.3d at 50 (citation omitted). Accordingly, we hold that the Taylor Circuit Court properly denied Pembleton's RCr 11.42 motion following an evidentiary hearing.

For the foregoing reasons, we affirm the Taylor Circuit Court's denial of Pembleton's RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kara Stinson Lewis
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James Havey
Assistant Attorney General
Frankfort, Kentucky