RENDERED: AUGUST 25, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0179-MR

ANU WHITE                                                                      APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NOS. 14-CR-003257 AND 14-CR-003257-004

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: In 2017, Appellant, Anu White (White), was convicted of first-degree robbery (complicity). He was found not guilty of murder. Prior to his sentencing phase of trial, White entered a conditional plea, wherein he agreed to waive his right to a jury-sentencing phase, and his right to appeal any trial issues. The Commonwealth recommended a sentence of twelve years' imprisonment, which was imposed by the trial court. Nearly three years later, White filed a *pro se*

Motion to Vacate, Set Aside, or Correct Sentence pursuant to RCr[1] 11.42.  The

primary allegation here is that he pleaded guilty because of ineffective assistance

of counsel.  The court denied White's request for RCr 11.42 relief.  He appeals to

this Court as a matter of right.  For the following reasons, we affirm.

A successful petition for relief under RCr 11.42 for ineffective

assistance of counsel must survive the twin prongs of "performance" and

"prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

*accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985).  As to the

second *Strickland* prong, the defendant has the duty to "affirmatively prove

prejudice." *Id*. at 693.  In the context of a guilty plea:

> A conclusory allegation to the effect that absent the error
> the movant would have insisted upon a trial is not
> enough.  The movant must allege facts that, if proven,
> would support a conclusion that the decision to reject the
> plea bargain and go to trial would have been rational,
> *e.g.*, valid defenses, a pending suppression motion that
> could undermine the prosecution's case, or the realistic
> potential for a lower sentence.

*Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (citations and footnote

omitted).

> [W]hen reviewing a trial court's findings of fact
> following an RCr 11.42 evidentiary hearing, an appellate
> court utilizes the clearly erroneous standard set forth in
> Kentucky Rules of Civil Procedure (CR) 52.01.  Findings
> of fact are not clearly erroneous if supported by

---

[1] Kentucky Rules of Criminal Procedure.

> substantial evidence. Even though claims of ineffective assistance of counsel are subject to *de novo* review, a reviewing court should defer to the determination of facts made by the trial judge.

*Saylor v. Commonwealth*, 357 S.W.3d 567, 570-71 (Ky. App. 2012) (citations omitted). With these standards in mind, we now return to the record and arguments at issue here.

White contends that the jury was presented with an erroneous facilitation to robbery instruction. The Commonwealth does not dispute this. But for this erroneous instruction, White claims that he would not have accepted the sentencing plea agreement. However, in denying White's RCr 11.42 petition, the circuit court correctly concluded that the jury did not consider the tendered *facilitation* instruction, because it found White guilty under the preceding *complicity* instruction. White does not take issue with the complicity instruction, which concluded with the admonition, "[I]f you do not find Anu White guilty under this instruction, proceed to Instruction 2a [facilitation]." Therefore, because White cannot "affirmatively prove prejudice" pursuant to *Strickland*, we need not address trial counsel's "performance." Accordingly, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jacquelyn Bryant-Hayes
LaGrange, Kentucky

REPLY BRIEF FOR APPELLANT:

Kara Stinson Lewis
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky