RENDERED:  APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0069-MR

COREY JAMES BUTTS                              APPELLANT

                    APPEAL FROM WARREN CIRCUIT COURT
v.                HONORABLE STEVE ALAN WILSON, JUDGE
                       ACTION NO. 13-CR-00749

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND McNEILL, JUDGES.

McNEILL, JUDGE:  Corey James Butts appeals from the Warren Circuit Court's

denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion for

postconviction relief.  We affirm.

A woman, B.R., alleged that while she was walking to a friend's

house in the wee hours of the morning, a stranger asked her for directions from his

parked car.  After B.R. gave directions and began to walk away, the man struck her

on the head, dragged her into his car, and drove away. B.R. alleges the man raped her twice, once in his car and once in an apartment. After the second rape, the man and B.R. left the apartment in a car together. The car ran out of gas, so B.R. and the man began walking. Ultimately, the woman ran towards a man who was walking his dogs and the stranger fled.

B.R. provided police with a description of the vehicle, its contents, and locations. Police found a vehicle in the location described by B.R. Eventually, B.R. picked a photo of Corey Butts, the son of the vehicle's registered owner, from a photographic lineup. Butts was indicted for two counts of rape, kidnapping, first-degree sodomy, second-degree assault, and being a persistent felony offender.

Butts waived his right to a jury trial and instead agreed to a bench trial. At that trial, B.R. testified that she did not know Butts beforehand and that he raped her twice. By contrast, Butts testified that he and B.R. had known each other prior to the day of the alleged rape and they had a relationship involving engaging in consensual sex and consuming drugs. Butts admitted striking B.R. because she had taken his drugs.

The trial court acquitted Butts of the sodomy charge and found him guilty of the amended charge of fourth-degree assault. The trial court found Butts guilty of kidnapping, both counts of rape, of being a first-degree persistent felony

offender.  The trial court sentenced Butts to a total of forty-years' imprisonment.  Our Supreme Court affirmed on direct appeal.  *Butts v. Commonwealth*, No. 2018-SC-000064-MR, 2019 WL 1167967 (Ky. Feb. 14, 2019).

Butts then filed a *pro se* RCr 11.42 motion.  Appointed counsel later filed a supplemental RCr 11.42 motion.  As it pertains to this appeal, Butts alleges two ways in which his trial counsel was ineffective.  First, Butts asserts counsel did not properly cross-examine B.R.  Second, Butts alleges trial counsel failed to call a witness who would allegedly have testified that Butts and B.R. knew each other prior to the alleged rapes.  After conducting an evidentiary hearing, the trial court denied Butts' RCr 11.42 motion, after which Butts filed this appeal.

Before we begin our analysis, we must note that Butts' RCr 11.42 motion contains issues which he does not address on appeal.  Butts has waived, or abandoned, all issues he raised in the trial court which he does not discuss in his appellate briefs.  *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014).[1]

---

[1] In a footnote in his opening brief, Butts alleges the order denying his RCr 11.42 motion "bear[s] scrutiny" because it adopted "wholesale" the Commonwealth's written response(s) to Butts' motion.  Appellant's Opening Brief, p. 6.  We agree that an appellate court's role is to scrutinize the decisions of a trial court.  However, it is not inherently improper for a court to "adopt[] language from a party's brief for use in its judgment." *Rockwell Intern. Corp. v. Commonwealth, Nat. Resources and Environmental Protection Cabinet*, 16 S.W.3d 316, 318 (Ky. App. 1999).  Moreover, Butts cites to no authority to support his claim that the trial court's adoption of the Commonwealth's arguments entitles him to relief.  Instead, "a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief." *Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021).

As we have held:

> A successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

>> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

> *Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (citations and internal quotation marks omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). "The critical issue is not whether counsel made errors but whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." *Haight v. Commonwealth*, 41 S.W.3d 436, 441 (Ky. 2001) (citation omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

> Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. . . . We review counsel's

-4-

performance under *Strickland de novo*. *McGorman*, 489 S.W.3d at 736.

*Vincent v. Commonwealth*, 584 S.W.3d 762, 768-69 (Ky. App. 2019). We review post-evidentiary hearing findings of fact under the clearly erroneous standard. *Saylor v. Commonwealth*, 357 S.W.3d 567, 570-71 (Ky. App. 2012).

We begin our analysis with Butts' argument that counsel did not properly cross-examine B.R. regarding whether she consented to having sex with Butts. At trial B.R. admitted to having sex with her boyfriend within the last day or so before she was raped. When the Commonwealth later asked B.R. how she responded when Butts said he was going to have sex with her, she responded "I told him no, I just had a baby July the fifteenth." Video, 1/23/18 at 10:08:23. July fifteenth was roughly a month to six weeks before the alleged rapes occurred.

Butts alleges B.R.'s testimony was "that her sexual encounters with Mr. Butts were not consensual because they *could not be consensual*, as she had just recently given birth and was not able to have sex." Appellant's Opening Brief, p. 9 (emphasis original). We agree with the Commonwealth that Butts has inflated and misconstrued B.R.'s testimony. B.R. did not testify that she was physically unable to have sex, so the main premise of Butts' argument is incorrect. In fact, she testified to the exact opposite because she admitted having had sex with her boyfriend within a day or so before she was raped.

-5-

Instead, B.R. testified only that she told Butts "no" and she had given birth the prior month. In that context, we agree with the Commonwealth that it is plain that B.R.'s comments about recently having had a baby were merely a ruse "to convince Butts that she was unable to have sex in hopes that he wouldn't forcefully rape her." Appellee Brief, p. 8.

That is the fraught situation Butts' counsel faced when choosing what questions to ask B.R. Counsel ran the real risk that if he questioned B.R. about her comments to Butts that she had recently given birth that she would have testified that she attempted to mislead Butts about her physical ability to have intercourse because she was scared and desperate to avoid being raped. We agree with the Sixth Circuit that cross-examination of a hostile witness inherently carries a "potential risk of having the damaging testimony repeated during cross-examination, a risk which could easily outweigh the possibility of identifying weaknesses in the witness's account." *Moss v. Hofbauer*, 286 F.3d 851, 865 (6th Cir. 2002).[2]

---

[2] Counsel in *Moss* wholly failed to cross-examine witnesses, unlike the case at hand. Similarly, Butts' reliance on the materially distinguishable case of *Higgins v. Renico*, 470 F.3d 624, 628 (6th Cir. 2006) is misplaced. In *Higgins*, the Sixth Circuit held an admittedly unprepared counsel was ineffective by failing to cross-examine the key witness against a defendant. The situation here is dissimilar as Butts' counsel cross-examined B.R. (albeit not to Butts' satisfaction) and Butts' counsel has not admitted being unprepared. *See, e.g.*, *Sowell v. Collins*, 557 F. Supp. 2d 843, 886 (S.D. Ohio 2008) (Distinguishing *Higgins* because "there is no reason to believe that counsel's decision to forego cross-examining Edwards stemmed from lack of preparation, or was based on anything other than trial strategy."); *Floyd v. Filson*, 949 F.3d 1128, 1144 (9th Cir. 2020) ("In prior cases in which we and other circuits have recognized

Counsel's decision as to how best to assess the potential costs and benefits of asking certain questions to a hostile witness is a prime example of a strategic, on-the-spot decision we may not second-guess here. *See, e.g.*, *Hodge v. Commonwealth*, 116 S.W.3d 463, 473 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009) (Holding that cross-examination of a hostile witness was a "tactical decision" and "[t]rial strategy will not be second guessed in an RCr 11.42 proceeding."). "Effective assistance of counsel does not guarantee error-free representation nor does it deny to counsel freedom of discretion in determining the means of presenting his client's case." *Ramsey v. Commonwealth*, 399 S.W.2d 473, 475 (Ky. 1966).

Here, Butts' counsel did undermine B.R.'s credibility on cross-examination by questioning her about whether she had used drugs. B.R. denied having done so but that denial was false since a drug screen performed on her soon after the alleged rapes was positive for cocaine. The trial court noted that inaccurate testimony in its decision. As our Supreme Court held, "'[t]he mere fact that other witnesses might have been available or that other testimony might have

---

constitutionally deficient cross-examination [including *Higgins*], there were glaring failures to ask even basic questions, not – as here – a strategic choice between one means of undermining the witness and another.").

been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel.'" *Hodge*, 116 S.W.3d at 470 (quoting *Waters v. Thomas*, 46 F.3d 1506 (11th Cir. 1995)).

We conclude Butts has not shown that counsel's performance on this issue was deficient. "To show ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. A defense attorney must enjoy great discretion in trying a case, especially with regard to trial strategy and tactics." *Vincent*, 584 S.W.3d at 770 (internal quotation marks and citations omitted). Therefore, we affirm the denial of RCr 11.42 relief and do not need to address the prejudice prong.

Butts' second main issue is that counsel did not call Anthony Johnson to testify that Butts and B.R. had a pre-existing relationship. Again, Butts faces a steep burden to be entitled to relief because "strategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. So, "a trial counsel's choice of whether to call witnesses is generally accorded a presumption of deliberate trial strategy and cannot be subject to second-guessing in a claim of ineffective assistance of counsel." *Saylor*, 357 S.W.3d at 571.

This is not a situation where an RCr 11.42 movant alleges counsel failed to conduct an adequate investigation. To the contrary, it appears uncontested that Butts' counsel knew of Johnson but declined to call him as a witness because Johnson was not willing to appear voluntarily.

Since Johnson declined to appear voluntarily, he thus would have had to have been subpoenaed. Butts' counsel testified at the RCr 11.42 hearing that his general belief was that it was not wise to subpoena reluctant witnesses because "[i]f I have to subpoena them in against their will, I might not like what they say if they testify." Video, 5/13/22, 2:13:32. Butts' counsel later agreed with the Commonwealth on cross-examination that he had done what he could to find a witness willing to testify that Butts and B.R. had a prior relationship but was unable to find a witness with sufficient credibility willing to so testify. Butts' counsel added that "[i]f you have to subpoena a witness that has a personal relationship with him [Butts], it's, uh, it's dangerous." *Id.* at 2:39:26.

The upshot is that Butts' counsel declined to call Johnson for patently strategic reasons. Butts has not shown that counsel was deficient, under these facts, for declining to force a recalcitrant, reluctant witness to testify. It was within counsel's discretion to decide whether the potential benefits of calling a witness who would have been testifying involuntarily outweighed the potential risks in

doing so. Such a discretionary decision "cannot be subject to second-guessing in a claim of ineffective assistance of counsel." *Saylor*, 357 S.W.3d at 571.

Ironically, Butts' RCr 11.42 counsel faults Butts' trial counsel for declining to force Johnson to testify against his will when postconviction counsel made essentially the same strategic decision. Postconviction counsel subpoenaed Johnson to appear at the RCr 11.42 hearing, but Johnson failed to appear. The proceedings were continued for several months. A bench warrant for Johnson was issued and he was in custody nearby when the proceedings resumed. However, Butts' postconviction counsel declined to have Johnson haled into court to testify involuntarily because counsel feared that Johnson was upset and thus would testify detrimentally to Butts' interests.

In short, Butts failed to satisfy the deficient performance prong and so he is not entitled to RCr 11.42 relief on this claim. Consequently, we need not examine the prejudice prong.

For the foregoing reasons, the Warren Circuit Court is affirmed.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron P. Riggs
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky