**Michelle SMITH, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2012–SC–000034–DG.

Supreme Court of Kentucky.

June 20, 2013.

Julia Karol Pearson, Assistant Public Advocate, for appellant.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, John Paul Varo, Assistant Attorney General, for appellee.

Opinion of the Court by Justice SCOTT.

## I.  BACKGROUND

On June 1, 2009, Appellant, Michelle Smith, was indicted for Possession of Drug Paraphernalia (PDP), Second Offense.  On September 10, 2009, Appellant pled guilty to the charge, and, pursuant to a plea agreement, she received a five-year pre-trial diversion.  At the time Appellant entered into the diversion, the penalty for Second Offense PDP, a Class D felony, was from one to five years in prison.  However, the Kentucky General Assembly amended the statute in April 2010, after which amendment a second or subsequent offense of PDP became a Class A misdemeanor, with a possible penalty of ninety days to twelve months in the county jail.

On October 14, 2010, a diversion revocation hearing was held due to the fact that Appellant pled guilty to driving under the influence (DUI), First Offense.  At her sentencing hearing, Appellant requested that the trial court continue her diversion given that PDP, Second Offense, the crime for which she was originally charged, was now a misdemeanor under the new statute, and/or apply the new sentence for PDP, Second Offense at her sentencing hearing.  However, the trial court voided the diversion agreement and sentenced Appellant to felony time in accordance with the prior law.

On appeal, a panel of the Kentucky Court of Appeals affirmed the trial court, although on different grounds.  Appellant then moved this Court for discretionary review, which we granted.  We now reverse and remand back to the trial court for further proceedings consistent with this opinion.

## II.  ANALYSIS
### A.  Illegality of Sentence

Appellant argues that her constitutional rights to fundamental fairness and due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Sections 2 and 11 of the Kentucky Constitution, were violated.  Specifically, Appellant argues that the trial court abused its discretion when it did not retroactively apply the mitigating benefits of

KRS 218A.500(5) to her sentence. We review questions of law *de novo.* *Kentucky Pub. Serv. Comm'n v. Commonwealth ex rel. Conway,* 324 S.W.3d 373, 376 (Ky.2010).

### 1. Plea Agreements are Voidable Contracts

■ This Court has held that "[p]lea agreements are often bargained-for exchanges, and are governed by basic contract law." *Commonwealth v. Morseman,* 379 S.W.3d 144, 149 (Ky.2012) (*quoting Covington v. Commonwealth,* 295 S.W.3d 814, 816 (Ky.2009)). For these reasons, this Court applies traditional principles of contract law when interpreting and enforcing plea agreements. Furthermore, plea agreements are "constitutional contracts" which "must be construed in light of the rights and obligations created by the constitution." *Commonwealth v. Reyes,* 764 S.W.2d 62, 64–66 (Ky.1989) (*quoting Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987)).

However, courts are given the authority to void a plea agreement under KRS 533.256, which states in pertinent part, "[i]f the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified ... the attorney for the Commonwealth may apply to the court for a hearing to determine *whether or not the pretrial division agreement should be voided* and the court should proceed on the defendant's plea of guilty in accordance with the law." (Emphasis added.) For this reason, when Appellant violated the terms of her diversion agreement, the court had vested in it the authority to void the contract in its entirety.

### 2. Finality of Judgment

■ Furthermore, this Court has addressed the question of whether a conviction for which a defendant is currently on felony pretrial diversion is a final and en-

forceable judgment in *Commonwealth v. Derringer,* 386 S.W.3d 123, 126 (Ky.2012) In *Derringer,* the issue presented was whether or not the diverted conviction could be used to satisfy the statutory requirements for persistent felony offender (PFO) status. We held that it could not, given that no final judgment had been entered. *Id.*

■ "When a defendant is granted pretrial diversion, a sentence is not imposed until diversion is revoked and the trial court holds a sentencing hearing and makes an independent determination of the appropriate sentence." *Id.* at 131. Therefore, in the present case no judgment was entered against Appellant when she violated the terms of her diversion and faced sentencing.

"At the time the defendant pleads guilty, the Commonwealth recommends a sentence should the defendant not successfully complete the terms of the diversion agreement.... [T]he trial court is free to consider this recommended sentence but is not required to adopt the recommendation." *Id.* at 130. However, in the present case the sentence recommended by the Commonwealth became inappropriate due to the statutory change.

■ Furthermore, KRS 446.110 provides in pertinent part:

No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture

or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

This statute makes two distinct pronouncements: (1) proceedings that take place after a new law takes effect shall, so far as practicable, conform to the laws at the time of the proceeding; and (2) if any penalty, forfeiture, or punishment is mitigated by any provision of the new law, the affected party may consent to the application of the law to their judgment.

In the present case, the "proceeding" that took place after the new law went into effect was Appellant's sentencing hearing—which occurred seven months after the General Assembly decreased the penalty. The decrease in the penalty for PDP, Second or Subsequent offense, mitigated the punishment that Appellant would receive. Appellant was the only affected party, and she obviously consented to the application given that she moved the trial court to do so. It is for this reason that the law should be retroactively applied.

As was previously established, there was no final judgment entered in this case when Appellant violated the terms of her diversion. Therefore, any law that had gone into effect that would mitigate her sentence should have been applied.

### III. CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals, vacate Appellant's sentence, and remand to the trial court to proceed with sentencing consistent with this opinion.

All sitting. All concur.