Joshua TEAGUE, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–CA–001012–MR.

Court of Appeals of Kentucky.

Jan. 10, 2014.

As Modified on Denial of Rehearing April 4, 2014.

Derek R. Durbin, Stephen G. Dasenbrock, Fort Thomas, KY, for appellant.

Jack Conway, Attorney General of Kentucky, William Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE, Chief Judge; CLAYTON and MOORE, Judges.

## OPINION

CLAYTON, Judge:

This is an appeal from a decision of the Campbell Circuit Court denying the appellant's Kentucky Rules of Criminal Procedure (RCr) 11.42 motion to vacate. This case was held in abeyance pending the finality in *Smith v. Commonwealth,* 400 S.W.3d 742 (Ky.2013). That case is now final. Therefore we now consider Teague's appeal. Based upon the following, we affirm the decision of the trial court.

## BACKGROUND SUMMARY

Appellant, Joshua Teague, pled guilty pursuant to a plea agreement on June 16, 2008. Pursuant to that agreement, he was placed on Pretrial Diversion due to his violation of Kentucky Revised Statutes (KRS) 434.650, Fraudulent Use of a Credit Card (FUCC). At the time of Teague's violation, the felony amount for FUCC was $101.00. Since Teague's violation involved the amount of $280.00, he was charged with a felony.

During Teague's time on Diversion, the Kentucky Legislature amended KRS 434.650 to provide that amounts over $500.00 would be felonies while amounts of

$500 and under would be misdemeanors. Teague did not successfully complete his Diversion and the Commonwealth Attorney moved to revoke his probation. On March 24, 2010, Teague was sentenced to three years' imprisonment as a result of his violation. Teague did not appeal his conviction.

On October 21, 2011, Teague filed a Motion to Vacate his sentence pursuant to RCr 11.42. The trial court denied Teague's motion and he now appeals that denial.

## DISCUSSION

Teague contends that his case is similar factually to *Smith* in that Smith's punishment had been mitigated by the time her diversion was terminated. Teague also argues that in his case, unlike in *Smith,* there was no preexisting agreement for a term of years. Instead, his sentence followed the local rules which set forth that he be sentenced according to law. He argues that if he had requested the trial court to apply the amended KRS 434.650 at the time his sentence was handed down, the trial court would have been compelled to sentence him to a misdemeanor offense.

KRS 446.110 provides that:

No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment is mitigated by any provi-

sion of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

In *Smith, supra,* the Kentucky Supreme Court held that the above statute, "makes two distinct pronouncements: (1) proceedings that take place after a new law takes effect shall, so far as practicable, conform to the laws at the time of the proceeding; and (2) if any penalty, forfeiture, or punishment is mitigated by any provision of the new law, the affected party may consent to the application of the law to their judgment." *Smith* at 745. The Court went on to explain that "the 'proceeding' that took place after the new law went into effect was [Smith's] sentencing hearing—which occurred seven months after the General Assembly decreased the penalty. The decrease in the penalty ... mitigated the punishment that [Smith] would receive. [Smith] was the only affected party, and she obviously consented to the application given that she moved the trial court to do so. It is for this reason that the law should be retroactively applied." *Smith* at 745.

The Court also noted that there was no final judgment entered in Smith's case when she violated the terms of her diversion. As a result, any law which had gone into affect at that time which would have mitigated her sentence should have been applied retroactively.

In the present case, KRS 434.650 was amended June 25, 2009. Teague's sentencing hearing was in 2010, after the new law had taken effect. Thus, under the holding in *Smith, supra,* he should have been sentenced based upon the new law. Teague argues that his counsel was ineffective in failing to ask that he be sentenced under the new statute.

We review the trial court's denial of an RCr 11.42 motion for an abuse of discretion. An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal. *Sanborn v. Commonwealth,* 975 S.W.2d 905, 908–09 (Ky.1998) (*overruled on other grounds*). In order to prevail on an ineffective assistance of counsel claim, a movant must show that his counsel's performance was deficient and that but for the deficiency, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Courts must also examine counsel's conduct in light of professional norms based on a standard of reasonableness. *Fraser v. Commonwealth,* 59 S.W.3d 448, 452 (Ky.2001).

Pursuant to the holding in *Strickland, supra,* a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

At the time Teague was sentenced, the holding in *Smith, supra,* had not been handed down. A panel of our Court, in fact, had held differently. Given the issues that had not been settled, the attorney's failure to ask that Teague be sentenced under the newer version of the statute was not in error. Further, the issue could have been and should have been raised on direct appeal. Therefore, we affirm the decision of the trial court.

ALL CONCUR.