RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1398-MR

CHEYENNE N. SHORT
APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.        HONORABLE ROBERT COSTANZO, JUDGE
ACTION NOS. 18-CR-00362, 18-CR-00564, AND 20-CR-00156

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE: Appellant Cheyenne Short ("Short") appeals from an order of

the Bell Circuit Court, entered on November 2, 2021, overruling Short's RCr[1]

11.42 motion to vacate or set aside the circuit court's order, entered on December

23, 2020, revoking Short's probation granted in these three circuit court cases.

Short alleges she was ineffectively represented by her counsel at her probation

---

[1] Kentucky Rules of Criminal Procedure.

revocation hearing on December 15, 2020.  We affirm the order of the Bell Circuit Court denying Short's RCr 11.42 motion.

## FACTUAL AND PROCEDURAL HISTORY

Short pled guilty to three separate indictments.  On November 19, 2018, Short pled guilty to Indictment No. 18-CR-00362 (tampering with physical evidence, possession of controlled substance in the third degree, trafficking in marijuana, and drug paraphernalia – buy/possess).  On the same day, Short pled guilty to Indictment No. 18-CR-00564 (possession of controlled substance in the first degree, possession of controlled substance in the third degree, and drug paraphernalia – buy/possess).  On September 22, 2020, Short pled guilty to Indictment No. 20-CR-00156 (possession of controlled substance in the first degree, drug paraphernalia – buy/possess, and possession of marijuana).  The circuit court ordered the three sentences (five years, three years, and another three years) to run consecutively for a total of 11 years.

The circuit court placed Short on supervised probation for all three cases.  Short's sentence in Indictment No. 18-CR-00362 was probated for five years, while her sentences in Indictment Nos. 18-CR-00564 and 20-CR-00156 were probated for three years.  Short's probation was supervised by Probation and

Parole in Claiborne County, Tennessee.[2]  The sentencing in the most recent case occurred on October 6, 2020.

Three weeks later, on October 27, 2020, the Claiborne County Sheriff's Office executed a search warrant at the residence of Short's brother (where Short was staying).  Short was arrested for possession of schedule II (intent to sell) and drug paraphernalia.  On November 6, 2020, Officer Kevin Napier of Kentucky Probation and Parole recommended Short's probation be revoked based upon her new felony arrest.  The Commonwealth then filed a motion to set aside (revoke) Short's probation.

After two short continuances requested by Short's counsel to review records of Short's probation, the circuit court conducted the revocation hearing on December 15, 2020.  Short was represented by Hon. Ron Findell ("Findell").  Officer Napier testified about Short's new arrest.  Officer Napier clearly had access to the Tennessee probation records.  Officer Napier then testified about Short's previous probation violations.[3]  Short had tested positive for methamphetamine on

---

[2] Bell County is on the Kentucky border with Tennessee.  Claiborne County, Tennessee is just across the state line.

[3] Findell objected to this evidence on the grounds it related to violations other than the one which was the subject of the hearing.  The circuit court correctly overruled this objection.  The circuit court must not only determine the noticed violation but also determine whether the probationer presents a danger to others and can be managed in the community.  The circuit court may consider the "whole picture" of the probation history in making this decision.

two separation occasions – once on December 20, 2018, and once again on June 8, 2020.

Detective Chris Cardwell of the Claiborne County Tennessee Sheriff's Department Narcotics Division testified he executed the search warrant at Short's residence. Detective Cardwell testified Short was asleep at the time. Detective Cardwell testified he found suspected methamphetamine, a digital scale, and plastic baggies in Short's purse.

Considering the evidence and testimony offered at the hearing, the circuit court revoked Short's probation. The circuit court found Short violated the terms and condition of her probation when she was arrested on new charges in Tennessee. The circuit court made the required findings[4] to permit revocation. On February 3, 2021, a new attorney filed a motion for shock probation for Short. The circuit court overruled this motion. On March 31, 2021, Short filed a renewed motion for shock probation, which the circuit court also overruled.

On April 26, 2021, another attorney filed an RCr 11.42 motion to vacate or set aside the circuit court's December 23, 2020, order revoking Short's probation. In Short's RCr 11.42 motion, Short claimed she received ineffective assistance of counsel at her revocation hearing. Short argued she was inadequately advised as to the gravity and severity of such a proceeding and the potential

---

[4] Kentucky Revised Statutes (KRS) 439.3106.

outcomes thereof.  Short argued Findell failed to subpoena witnesses on her behalf.

Short argued Findell made no preparation to adequately demonstrate to the circuit

court that Short's employment and how well she had done on probation showed

she was capable of being safely supervised.  Short also argued Findell was

delinquent in his representation by failing to make timely objections at Short's

revocation hearing.

Short's RCr 11.42 hearing was held on August 5, 2021.  Short and

Findell both testified.  The circuit court overruled the RCr 11.42 motion.  The

circuit court determined Short did not meet the burden required to show ineffective

assistance of counsel.  Specifically, the decisions made by counsel during the

revocation hearing were reasonable tactical choices in the circumstances.  This

appeal followed.

## STANDARD OF REVIEW

The standards which measure ineffective assistance of counsel are set

out in the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed.

2d 674 (1984).  First, the defendant must show that counsel's performance was so

deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth

Amendment of the United States Constitution.  *Id.* at 687, 104 S. Ct. at 2064.

Second, the defendant must show the counsel's deficiency prejudiced the defense

by depriving the defendant of a fair trial, a trial whose result is reliable.  *Id.*

"Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). The critical issue is not whether counsel made errors but whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory. *Id.* A defendant is not guaranteed errorless counsel, or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance. *McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky. 1997).

*Strickland* notes that a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*

A circuit court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal. *Id.*

## ANALYSIS

Short claims Findell rendered ineffective assistance of counsel by not subpoenaing certain witnesses. At her RCr 11.42 hearing, Short testified that she

-6-

wished to have her probation and parole officers in Claiborne County, Tennessee testify on her behalf for the revocation hearing as they could testify better than anyone else as to Short's ability to be managed on probation. Short also testified she asked Findell to contact the Tennessee officers and have them appear on her behalf at the revocation hearing. Findell corroborated that Short made this request.

The Commonwealth asked Findell why he did not request the Tennessee officers' presence for the revocation hearing. Findell replied Short had two probation violations (testing positive for methamphetamine on December 20, 2018, and June 8, 2020, with treatment in between). Findell testified he thought the Commonwealth would cross-examine the Tennessee officers about those violations to show Short had not done well on probation contrary to Short's argument. Findell testified he did not call the Tennessee officers as part of a strategic decision to avoid introducing evidence of Short's previous probation violations. "[A] trial counsel's choice of whether to call witnesses is generally accorded a presumption of deliberate trial strategy and cannot be subject to second-guessing in a claim of ineffective assistance of counsel." *Saylor v. Commonwealth*, 357 S.W.3d 567, 571 (Ky. App. 2012). Findell was not ineffective because he failed to present testimony of the Tennessee probation and parole officers at the revocation hearing.

Short also testified at the RCr 11.42 hearing she wished to have her mother testify on Short's behalf at the revocation hearing to show she was manageable on probation. Findell testified he could not remember if Short requested he subpoena any other witnesses besides the Tennessee probation and parole officers. Findell testified he never talked to Short's mother. Findell did not recall the names of several other family members Short purportedly wanted to subpoena for her revocation hearing. Findell testified that, if Short had advised him of these potential witnesses, he would have talked to them, and possibly subpoena them if they were beneficial to Short's case.

Short was the only one who testified that she asked Findell to subpoena her mother. However, Short also testified that she was in regular contact with her mother, and her mother would have come to the revocation hearing if Short asked. Short testified she never asked her mother to appear on her behalf. The circuit court correctly noted Short made no effort to engage in her own defense by failing to do the simplest task of asking her mother to attend the revocation hearing. Findell was not ineffective when he failed to subpoena Short's mother.

Short claims Findell failed to subpoena her employer, a representative of McDonald's in Middlesboro, Kentucky, to show she was manageable on probation. Short had already testified she held a "steady" job at McDonald's.

Short admitted this employment was "off and on" but that she had been working there in recent months. This was not contested. Additional testimony regarding Short's employment would have been cumulative or even redundant. The circuit court correctly concluded that, since Short already testified regarding her employment, the decision not to subpoena Short's employer did not amount to ineffective assistance of counsel.

Short claims Findell, prior to the revocation hearing, advised her that she would likely only receive a sanction. Findell testified at the RCr 11.42 hearing he fully advised Short of her options and the possibility of revocation. This was his usual practice. Findell testified he did not advise Short that she would only get a 30-day sanction from the circuit court. That sanction is what Findell would advocate. Short's contention she did not take the hearing seriously because she thought she would just be let out again "on paper"[5] is specious. Short knew she was on probation and knew how many years she faced.

Finally, even if Findell's performance was deficient, Short cannot prove prejudice as required by *Strickland*. The circuit court made no finding on this factor having correctly determined the counsel provided was not inefficient under the first *Strickland* prong. If the circuit court had been incorrect on the first prong, Short could not show prejudice.

---

[5] A colloquialism for being out on probation or parole.

Short had committed two other probation violations as she twice tested positive for methamphetamine. The second positive test being after successful short-term treatment. Four months after Short's last violation and three weeks after her third grant of probation, Short was living with her brother who had been recorded selling drugs while living in that same home. This alone would be a violation of probation. Short was present during one of these recorded drug purchases. The Claiborne County Sheriff's Office discovered suspected methamphetamine, a digital scale, and plastic baggies in Short's purse. Short's explanation of someone else must have put these items in her purse is incredible and indicates a level of denial jeopardizing any repeat attempt at probation.

Considering Short's probation violation history and the evidence of her involvement in drug possession in a home of documented drug sales, Short's probation would have likely been revoked even if counsel provided errorless representation. Short cannot show prejudice. This is not a situation where a "defeat was snatched from the hands of probable victory."[6]

## CONCLUSION

The order of the Bell Circuit Court denying Short's RCr 11.42 motion to vacate or set aside the circuit court's revocation of her probation is AFFIRMED.

---

[6] *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Levi Turner                             Daniel Cameron
Middlesboro, Kentucky                   Attorney General of Kentucky

                                        Courtney Hightower
                                        Assistant Attorney General
                                        Frankfort, Kentucky