RENDERED: APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0055-MR

ANTONIO WHARTON                                                                          APPELLANT

v.                      APPEAL FROM TRIGG CIRCUIT COURT
                     HONORABLE JAMES R. REDD, III, JUDGE
                              ACTION NO. 18-CR-00021

COMMONWEALTH OF KENTUCKY                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Antonio Wharton, *pro se*, appeals from the Trigg Circuit

Court's order denying his motion for relief under Kentucky Rule of Criminal

Procedure ("RCr") 11.42. Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The events of this case stem from Wharton's convictions, following a

jury trial in Trigg Circuit Court, on one count of first-degree trafficking in a

controlled substance (greater than four grams of cocaine), one count of possession

of drug paraphernalia, and being a persistent felony offender. The facts underlying

Wharton's convictions were outlined by the Kentucky Supreme Court in his direct

appeal as follows:

> On January 8, 2018, officers of the Trigg County Sherriff's Office (TCSO) sought a search warrant for Wharton's residence. The search warrant affidavit, given by TCSO Deputy Jarred Werner, stated the following in support of the warrant:

> On the 8th day of January, 2018 between the hours of 0600 and 2000 hours, the Trigg County Sheriff's Office conducted a controlled buy of crack cocaine from the above address.

> Affiant received information from/observed: a confidential informant who stated that he/she could purchase narcotics from Antonio Marquis Wharton, hereinafter Antonio Wharton, a person known to the Trigg County Sheriff's Office to have a history of trafficking in narcotics. The confidential informant stated that he/she was familiar with Antonio Wharton and that he/she could positively identify him. The confidential informant positively identified Antonio Wharton by photograph. The confidential informant stated that he/she was familiar with the address of Antonio Wharton,[. . .], and that he/she had purchased narcotics from Antonio Wharton at that address multiple times from October 2017 until last week, and that he/she had most recently purchased narcotics from Antonio Wharton at that address four days ago. The TCSO could independently corroborate Antonio Wharton's address information by having served him civil service at that address.

Acting on the information received, affiant conducted the following independent investigation; TCSO arranged for the confidential informant to make a controlled purchase of suspected crack cocaine from Antonio Wharton at the [. . .], address as provided. The confidential informant telephoned Antonio Wharton and arranged a purchase of crack cocaine at [his address], and the TCSO recorded the conversation. The TCSO provided the confidential informant with buy money and the serial numbers were recorded by photocopying the bills. The confidential informant and the vehicle were searched, and the TCSO established positive contact with the confidential informant by cellular telephone, which was audio recorded. The TCSO monitored the confidential informant driving to [Wharton's address]. The drug transaction lasted less than a minute and the informant was monitored leaving and traveling back to the TCSO.

At the SO [(sheriff's office)] the informant delivered approximately 1 gram of crack cocaine.

The informant stated Antonio Wharton stepped out of the front door, with suspected cocaine in hand, and then completed the drug transaction. TSCO field tested the substance, with a positive result for cocaine.

Based on the above affidavit, a search warrant was issued, and Wharton's residence was searched. The search yielded the following items:

• One box of clear baggies with one box of straight razor blades;

• One plastic money jar containing $23.64;

• $58.00 located in a purse;

• Eight small rocks of cocaine;

• One small digital scale;

• $13,840.00 cash;

• $29.00 cash;

• $720.00 cash;

• One solid brick of suspected cocaine approximately one and one-half inches in diameter.

Wharton was indicted by way of grand jury for trafficking in a controlled substance weighing more than four grams, wanton endangerment, possession of drug paraphernalia, trafficking in a controlled substance weighing less than four grams, and of being a persistent felony offender.

On June 11, 2018, Wharton moved to suppress all the evidence collected as a result of the search warrant, alleging that it was illegal. The trial court heard argument concerning the motion to suppress as required by RCr 2 8.27. Wharton asked the trial court to allow him to call Deputy Werner to testify. The Commonwealth objected to Wharton calling witnesses. In response to the objection, defense counsel stated on the record the grounds for the motion to suppress: "I don't know that we are challenging specifically probable cause, we are challenging the timing of the warrant, the signing of the warrant. There is no time listed or date listed on the warrant itself. That's what we are challenging." The trial court allowed the testimony only to address any issue of credibility of the confidential informant (CI), if it were raised.

The hearing produced more evidence than that contained in the affidavit, and this evidence was largely consistent with that contained in the affidavit. The only differences being that Deputy Werner testified that the transaction occurred between 6:00 p.m. and 8:00 p.m.,

rather than between 6:00 a.m. and 8:00 p.m., and that the transaction was not recorded, but was listened in on via an open call with the CI.

At the conclusion of the hearing, the Commonwealth argued that defense counsel had not submitted any proof that the search warrant was not valid, and asked the court to deny the motion to suppress. Defense counsel argued that there was insufficient probable cause for the warrant to be issued because the time frame included in the search warrant was too large to be reliable and rendered the search warrant invalid.

The trial court rendered an order denying Wharton's motion to suppress and made the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. The Defendant, Antonio M. Wharton is charged in this case as follows:

Count I-Trafficking in a Controlled Substance, First Degree, Subsequent Offense, a class B Felony;

Count II-Wanton Endangerment, First Degree, a Class D Felony;

Count III-Possession of Drug Paraphernalia, Complicity, a Class A Misdemeanor;

Count IV-Trafficking in a Controlled Substance, First Degree, Subsequent Offense, a Class C Felony; and

Count V-Persistent Felony Offender, First Degree.

2. On January 8, 2018, Trigg County Deputy Sheriff Jared Werner was involved in a controlled buy of drugs by a confidential informant from the Defendant Antonio

M. Wharton. The CI was monitored by cell phone in an "open call."

3. The CI purchased drugs from the Defendant on that date between the hours of 4:00 p.m. and 9:00 p.m.

4. After the transaction, Sheriff Deputies obtained a search warrant from Trigg District Court.

5. Marked bills had been used for the buy but were not recovered as a result of the search.

6. Items that were seized as a result of the search warrant include: Box of clear baggies with box of straight razorblades; money jar (plastic); $23.64 found child's room top dresser; $58.00 cash from woman's purse found on kitchen table; 8 small rocks of suspected crack cocaine (under mattress child's room); 1 small digital scale under mattress in child's room; $13,840.00 cash found in box spring in child's room;

$29.00 cash found on kitchen table; $720.00 cash from wallet on MB dresser; and solid block of suspected cocaine approximately 1 ½ inch in diameter.

7. There was no audio or video tape of the transaction itself.

8. Deputy Werner had the CI in view at the time of the purchase and sale outside the residence but not inside Defendant's residence. The transaction itself took place outside the residence.

9. Probable cause was established for the issuance of the search warrant based upon the totality of the circumstances.

CONCLUSIONS OF LAW

1. In reviewing an affidavit for issuance of a search warrant, extrinsic evidence is generally not admissible to supply deficiencies and in determining the existence of probable cause, the Court must consider the affidavit on its face. *See Horn v. Commonwealth*, 240 S.W.3d 665 (Ky. App. 2007).

2. Defendant has the burden of proof that the search warrant or affidavit were defective.

3. Under the totality of the circumstances, there was probable cause for issuance of the search warrant.

4. The search of Defendant's residence and person did not violate his constitutional rights.

The Commonwealth proceeded on the charges of trafficking in a controlled substance weighing more than four grams, possession of drug paraphernalia, and of being a persistent felony offender. The case went to trial, where a jury convicted Wharton on all three counts.

*Wharton v. Commonwealth*, No. 2020-SC-0178-MR, 2021 WL 5050739, at *1-3 (Ky. Oct. 28, 2021) (footnotes omitted).[1] Wharton was sentenced to twenty (20) years' imprisonment.

On direct appeal, the Kentucky Supreme Court affirmed Wharton's conviction and concluded that the circuit court acted properly in denying Wharton's suppression motion.

---

[1] We cite this opinion pursuant to Kentucky Rule of Appellate Procedure ("RAP") 41.

Thereafter, on September 7, 2022, Wharton filed an RCr 11.42 motion for relief alleging ineffective assistance of trial counsel ("IATC") and requesting an evidentiary hearing. The circuit court issued an order denying McCullum's RCr 11.42 request for relief and motion for an evidentiary hearing motion on February 28, 2022. This appeal followed.

We will discuss any additional facts as necessary below.

## ANALYSIS

On appeal, Wharton argues that he is entitled to relief under RCr 11.42 due to his trial counsel's ineffectiveness in (1) litigating Wharton's Fourth Amendment claim at the suppression hearing by failing to challenge the search warrant adequately, (2) failing to present and argue *Brady*[2] evidence regarding the terms of his co-defendant's alleged understanding with the Commonwealth to testify, and (3) failing to effectively argue that the controlled drug buy was inadmissible under Kentucky Rule of Evidence ("KRE") 404(b). Wharton also requests that this case be remanded for the circuit court to hold an evidentiary hearing regarding his claims of ineffective assistance of counsel.

### 1. *Strickland* Factors and Our Standard of Review

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

-8-

which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006) (citations omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009). "RCr 11.42 motions are limited to the issues that were not and could not be raised on direct appeal." *Id*. at 568 (citation omitted).

Specifically, a successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). In describing these two factors, the Kentucky Supreme Court has stated that:

> [a] "deficient performance" contains errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the appellant must show that counsel's deficient performance prejudiced his defense at trial. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. An appellant must satisfy both elements of the *Strickland* test in order to merit relief.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citations omitted).

Regarding the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

*Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. Moreover, McCullum's trial counsel has "a strong presumption" in his or her favor that the conduct fell "within the wide range of reasonable professional assistance." *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001), *overruled on other grounds by Leonard*, 279 S.W.3d at 158-59.

As to the second prong, to establish actual prejudice, the appellant must show a "reasonable probability" of a different outcome for the proceeding. *Bowling v. Commonwealth*, 981 S.W.2d 545, 551 (Ky. 1998) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). Appellate review of counsel's performance under *Strickland* is *de novo*. *McGorman*, 489 S.W.3d at 736.

Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). An evidentiary hearing is only required "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively

proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

### 2. **Discussion**

#### A. **Defense Counsel's Performance Challenging the Sufficiency of the Search Warrant**.

Here, Wharton has four "factors" in support of his argument that his defense counsel failed to challenge the search warrant sufficiently. First, Wharton argues that defense counsel's suppression motion was inadequate and required more specificity. However, as the circuit court properly determined, Wharton provided no authority to bolster this claim. Moreover, as the circuit court observed, it is not uncommon for a defense attorney to file a broad suppression motion, as it allows them more freedom to pursue their arguments at a later date. In this case, after filing the suppression motion, defense counsel presented detailed arguments at the suppression hearing. Defense counsel sufficiently preserved Wharton's claims for appeal and the Kentucky Supreme Court reviewed those claims on their merits. Therefore, the circuit court correctly found no IATC.

Wharton's second factor is that defense counsel was ineffective during the suppression hearing for failing to sufficiently challenge probable cause for the warrant and the reliability of the CI. However, the Kentucky Supreme Court already determined in Wharton's direct appeal that probable cause existed for the search warrant's issuance. The Kentucky Supreme Court also discussed the

-11-

CI's reliability in Wharton's direct appeal, finding the information reliable. *Wharton*, 2021 WL 5050739, at \*5. Wharton "cannot raise issues which were raised and decided on direct appeal" in his RCr 11.42 proceeding. *Wilson v. Commonwealth*, 975 S.W.2d 901, 903 (Ky. 1998) (citation omitted).

Wharton next claims that he received IATC when his defense counsel did not examine whether Deputy Werner was the true affiant of the affidavit. However, Deputy Werner's signature is on the affidavit, and Wharton has provided no facts or authority to refute his signature as the affiant. Moreover, Deputy Werner testified at the suppression hearing that the county attorney assisted with the search warrant affidavit, which is not an uncommon practice. As such, "[a] court may summarily deny motions asserting claims refuted or otherwise resolved by the record." *Fowler v. Commonwealth*, 634 S.W.3d 605, 609 (Ky. App. 2021) (internal quotation marks and citation removed).

Additionally, Wharton argues he received IATC when his defense counsel failed to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) (a "*Franks* hearing"). In Wharton's direct appeal, the Kentucky Supreme Court did not reach the issue of whether Wharton was eligible for a *Franks* hearing, stating that Wharton's defense counsel had not presented to the trial court the issue of whether the affidavit contained intentionally

-12-

false statements or statements based upon reckless disregard for the truth. *Wharton*, 2021 WL 5050739, at \*4.

A "presumption of validity" exists regarding an affidavit supporting the search warrant. *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684. A defendant is not entitled to a *Franks* hearing unless he or she first makes a "substantial preliminary showing" that the affidavit contained knowing and intentional or recklessly false statements. *Id.* at 155, 98 S. Ct. at 2676. Thus, to be entitled to a *Franks* hearing, Wharton was required to provide evidence that Deputy Werner knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the search warrant affidavit. *Id.*

The *Franks* Court further stated that a defendant's allegations must be "more than conclusory" and "be supported by more than a mere desire to cross-examine." *Id.* at 171, 98 S. Ct. at 2684. Further, Wharton must furnish evidence through affidavits or reliable witness statements or satisfactorily explain their absence. *Id.* "Allegations of negligence or innocent mistake are insufficient." *Id.*

In this case, the affidavit indicated that the "open call" call was audio recorded. However, at the suppression hearing, in response to defense counsel's question about whether TCSO had provided the CI with any audio or video recording equipment, Deputy Werner responded that TCSO was monitoring the CI through an "open call" on a cell phone the entire time.

However, even assuming that Deputy Werner's testimony was incorrect, Wharton has failed to offer any proof that Deputy Werner made the misstatement intentionally and knowingly or with reckless disregard for the truth. *Id*. Rather, as determined by the circuit court, Deputy Werner's statement was – at most – a result of negligence and not with a reckless disregard for the truth. As previously discussed, claims of negligence are inadequate. *Id*.

Wharton further claims the affidavit contained a false statement that the CI telephoned Wharton and arranged the controlled buy at 90 Linda Lane. Again, however, Wharton provides no concrete proof that the statement was dishonest and that the phone call between Wharton and the CI was never corroborated. Additionally, Wharton has not provided proof that this assumed false statement was made intentionally and knowingly or with reckless disregard for the truth. *Id*. Therefore, the circuit court properly determined there was no IATC.

### B. **Wharton's *Brady* Claim**.

Wharton next claims that his trial counsel failed to present and argue evidence as established in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In *Brady*, the United States Supreme Court held "that the suppression of evidence favorable to an accused upon request violates due process

where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87, 83 S. Ct. at 1196-97.

Here, Wharton argues that his counsel failed to present *Brady* evidence about an alleged agreement between Wharton's co-defendant and the Commonwealth for his co-defendant to testify. However, at trial, Jasmine Crenshaw – Wharton's ex-wife and co-defendant – unambiguously stated that she did not have a deal with the Commonwealth and "she was not getting anything in return for testifying." Moreover, the Commonwealth has denied that any deal existed. Wharton has made a conclusory statement that there was a deal between Crenshaw and the Commonwealth with no proof of such an agreement. As stated by the Kentucky Supreme Court in *Roach v. Commonwealth*, "[c]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet [11.42's] specificity standard and so warrant a summary dismissal of the motion." 384 S.W.3d 131, 140 (Ky. 2012) (internal quotation marks and citations omitted). Thus, we affirm as to this claimed error.

### C. **Wharton's KRE 404(b) claim**.

Finally, Wharton argues that his defense counsel did not effectively argue that the controlled drug buy with the CI was inadmissible as evidence of intent. After the Commonwealth stated its intent under KRE 404(c) to introduce

evidence of the controlled drug buy with the CI as evidence of intent, Wharton's counsel argued against this evidence's admission, claiming the evidence was irrelevant as it had occurred earlier in the day prior to the search warrant's execution. Ultimately, the circuit court granted the Commonwealth's motion, finding the evidence relevant to the issue of intent. The circuit court did instruct the jury that Wharton was not charged for the controlled buy and this evidence could only be considered to establish Wharton's intent to traffic in cocaine and not evidence of propensity.

However, the record indicates that Wharton's defense counsel effectively argued that the evidence of the controlled drug buy was inadmissible by arguing that such evidence was irrelevant. While Wharton alleges that defense counsel did not cite any authority to support his argument, Wharton has not included any cases that defense counsel overlooked. Rather, in the case Wharton cites in his brief, the Kentucky Supreme Court determined that evidence of the controlled buy was admissible pursuant to KRE 404(b) to establish intent to sell. *Walker v. Commonwealth*, 52 S.W.3d 533, 536 (Ky. 2001). As stated by the United States Supreme Court, "[t]here are countless ways to provide effective assistance in any given case[,]" and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The record reflects that Wharton's defense counsel argued that

-16-

the controlled-buy evidence was not admissible, and his performance was not deficient in this regard.

Moreover, Wharton cannot meet the prejudice prong of *Strickland*. The circuit court determined there was "overwhelming evidence" of Wharton's guilt, including a "damning video tape of the Defendant where he seems to make an admission of trafficking, the testimony of his wife that he was trafficking in drugs, [and] the finding of almost twelve grams of cocaine under his child's bed along with over $13,000 in cash with no real explanation of derivation[.]" Thus, there was no reasonable probability that, but for any claimed error of defense counsel, there would have been a different result.

## **CONCLUSION**

For the foregoing reasons, we affirm the Trigg Circuit Court's order denying Wharton's RCr 11.42 motion.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Antonio Wharton, *pro se* <br> LaGrange, Kentucky | Daniel Cameron <br> Attorney General of Kentucky |
| | Courtney J. Hightower <br> Assistant Attorney General <br> Frankfort, Kentucky |